# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

vs.   CASE NO. 8:12-CR-164-T-17-TGW

FERNANDO MONDRAGON
_____/

## **ORDER**

This cause comes before the Court on the defendant's motion for reduction of sentence, the requested modification was based on the retroactive application of revised cocaine base sentencing guidelines (Doc. 96) filed by the Federal Public Defender.  The Court also has before it the U.S. Probation Office Amendment Assessment (Doc. 87) and the government's response (Doc. 97).  The Court has reviewed  the motion, the Amended Assessment for the United States Probation Office, and the response to the motion by the government.  The Court concludes that the defendant is not eligible for a reduction in sentence based on the amended guidelines and adopts the position of the government[1] that the Court should "grant the defendant's request for a sentence reduction pursuant to 18 U.S.C. §3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines but reduce his sentence only to 63 months' imprisonment" or time-served, whichever is greater.  The Court's sentence-reduction order have an effective date of November 1, 2015, or later.  Accordingly, it is.

---

[1] The government states that the "United States Probation Memorandum dated February 3, 2015 miscalculated defendant's amended guidelines range under Amendment 782, because it erroneously recommends that the defendant receive a 2-level reduction."

**ORDERED** that defendant's motion for modification of sentence be **denied**.

**DONE AND ORDERED** in Chambers in Tampa, Florida this 9th day of September, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to: All Counsel of Record